# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>v.<br><br>MIGUEL MACIAS,<br><br>        Defendant. | Case No. 16-20008-04-DDC |

## ORDER DENYING DEFENDANT'S MOTION FOR
## RELEASE PENDING TRIAL

This matter comes before the Court on the Motion for Release Pending Trial filed by Defendant Miguel Macias (Doc. 428). On March 11, 2020, the Court ordered Defendant detained pending trial, and he has been in custody since that time. The Defendant now seeks release because of alleged risks associated with his confinement during the current global COVID-19 pandemic. The Court has considered the Motion and the record in this case[1] and, for the reasons discussed below, denies Defendant's request for relief.

## PROCEDURAL AND FACTUAL BACKGROUND

Defendant was indicted in this multi-defendant case on charges of conspiracy to distribute and possession with intent to distribute more than 500 grams of a mixture and substance of cocaine, and unlawful possession of two firearms (Doc. 1). Following his arrest, the Court conducted a detention hearing and, on March 11, 2020, entered an order that the Defendant be detained pending trial (Doc. 426). Since that time, Defendant has been detained at the

---

[1] The Court previously entered an order suspending briefing on the Motion pending further order of the Court (Doc. 431). Plaintiff United States of America therefore has not filed a response.

Leavenworth Detention Facility operated by CoreCivic, which is located in Leavenworth, Kansas. On April 6, 2020, Defendant filed the instant Motion for release pending trial (Doc. 428), contending he should be released because of the COVID-19 pandemic and his high risk of contracting the Coronavirus given that he is diabetic.

## ANALYSIS[2]

Defendant contends he has been classified as "high risk" by CoreCivic because of his physical condition, including his diagnosis as a diabetic.[3] He argues that his confinement places him in close proximity to a large number of inmates, guards and other staff, and this group of individuals is diverse and constantly changing. The United States and in particular Leavenworth, Kansas, where CoreCivic is located, is "currently subject to the COVID-19 pandemic resulting from the rapid spread of a highly contagious and potentially fatal virus." He mentions his sentencing expectations, if convicted. He asserts that "the Attorney General has ordered review, with an eye toward release with appropriate conditions, of convicted felons serving sentences in the custody of the Bureau of Prisons, because of the danger posed by the COVID-19 pandemic." And, he reminds the Court that he is presumed innocent, while noting he should be afforded the same protections and relief as convicted felons, especially given his "high risk" classification.

The Court makes the following observations, which will be amplified in its legal analysis under 18 U.S.C.§ 3142(i), *infra.* Defendant's two-page Motion states no legal basis for the relief sought and cites no legal authority. The Motion does not expressly request "temporary" release,

---

[2] Because of the time-sensitive nature of the relief requested and also in light of Administrative Order No. 2020-3, the Court enters this Memorandum and Order without holding a hearing on the Motion. *See, e.g., United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *3 (D. Md. Mar. 17, 2020) (recognizing the Bail Reform Act is silent about whether the defendant is entitled to an in-court hearing after a detention order has issued and declining during the coronavirus pandemic to grant a hearing in an "endeavor to comply with the federal and State recommendations about avoiding bringing people together in groups larger than ten persons, as well as rule expeditiously").

[3] Defendant's Motion for Release Pending Trial (Doc. 428). All information contained in this paragraph is gleaned from Defendant's Motion.

instead requesting relief "pending trial." In essence, Defendant's argument is that his present status in custody poses a serious physical threat to him because of the current COVID-19 pandemic, his diabetes, and the lack of opportunity for social distancing at CoreCivic. The Court is sympathetic to his concerns, but Defendant is not alone. COVID-19 presents serious ongoing concerns for millions of people, especially those with certain underlying medical conditions. This Court has previously taken judicial notice of the rapid spread and effects of COVID-19 in the United States and worldwide.[4] However, Defendant has not shown any compelling reason that his release is necessary, particularly in light of the Court's prior finding that in his case there was no condition or combination of conditions of Defendant's release that would protect the safety of the community or others. He has not proposed a release plan of any kind, not even suggesting where and with whom Defendant could reside, if released. Nor does he allege that CoreCivic has failed to take appropriate precautions to prevent the occurrence or spread of COVID-19 within the facility, or that CoreCivic is unable to properly care for him. Under all of these circumstances, Defendant's release would likely increase the risk of harm resulting from COVID-19, or otherwise, to the Defendant or others. On its face, the Motion fails to support the requested relief.

The crux of Defendant's Motion seems to be a request for release based upon the change of circumstances resulting from the COVID-19 pandemic.[5] The Court will therefore treat the Motion as a request for temporary release, pursuant to 18 U.S.C. § 3142(i), and will analyze the

---

[4] *See United States v. Brown,* No. 08-cr-20115, 2020 WL 1536544, at *2 (D. Kan. Mar. 31, 2020).
[5] The Motion is not styled as a motion for reconsideration of the detention order in this case. Defendant does not dispute the findings in the detention order, rather he relies upon the COVID-19 outbreak after Defendant's detention as the basis for his requested relief. Accordingly, the Court does not consider the Motion as a request for reconsideration.

3

Motion and make its findings specifically on that basis. Section 3142(i), a provision of the Bail Reform Act, states in relevant part:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be *necessary* for preparation of the person's defense or *for another compelling reason*.

18 U.S.C. § 3142(i) (emphasis added). The defendant bears the burden of proof under § 3142(i). *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020) (citing *United States v. Buswell*, No. 11-CR-198-01, 2013 WL 210899, at *5 (W.D. La. Jan. 18, 2013) (collecting cases)). Thus, the Defendant would be entitled to temporary release only if he could prove it necessary for preparation of his defense or for another compelling reason.

Defendant does not contend that his temporary release is necessary under the first prong of § 3142(i), so that he can adequately prepare his defense. The Court will therefore evaluate Defendant's Motion under the second prong of § 3142(i), whether Defendant's release is "necessary . . . for another compelling reason."

There is limited authority regarding when temporary release is justified under this provision of the statute, although a defendant's medical condition may present the compelling reason in the appropriate case. *See United States v. Sanders*, No. 19-20037-01-DDC, 2020 WL 1528621, at *4 (D. Kan. March 31, 2020), *Clark* at *4 (citing *United States v. Rebollo-Andino,* 312 Fed. App'x 346, 348 (1st Cir. 2009) (defendant could seek temporary release under § 3142(i) for medical reasons)). However, "[c]ourts have typically granted relief under § 3142(i) only 'sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries.'" *Clark* at *4 (quoting *United States v. Hamilton*, No. 19-CR-54-01, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020) (summarizing cases)). In the context of the COVID-19 pandemic, when there is no indication the defendant is currently ill from his chronic

4

medical condition(s) or that the detention facility is unable to care for him or her, relief has been denied under § 3142(i). *See United States v. Lewis,* No. 20-10028-11-EFM, 2020 U.S. Dist. LEXIS 56639, at *8 (D. Kan. March 30, 2020), *United States v. Walker*, No. 20-10028-20-EFM, 2020 WL 1545714, at *3 (D. Kan. March 30, 2020).

Magistrate Judge Angel D. Mitchell addressed this issue recently in her well-reasoned Order in *Clark, supra*. There, Judge Mitchell considered four factors to determine whether the defendant met his burden to show a "compelling reason" for temporary release pursuant to § 3142(i): (1) the original grounds for the defendant's pretrial detention; (2) the specificity of the defendant's COVID-19 concerns; (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant; and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others. *Clark, supra* at *4. This Court adopts and applies Judge Mitchell's four-factor analysis here.

### 1. Original grounds for detention

Defendant was indicted in this multi-defendant case on charges of conspiracy to distribute and possession with intent to distribute more than 500 grams of a mixture and substance of cocaine, and unlawful possession of two firearms. The pretrial services report indicated Defendant had been unemployed for five years and had no stable residence. The report included a lengthy criminal history for Defendant with several active warrants outstanding. The assigned probation officer recommended that Defendant be detained. A DEA Task Force officer assigned to the case testified at the detention hearing that Defendant had been involved with large distribution quantities of cocaine. The officer also testified Defendant had been reported to "always" be armed with a handgun or assault rifle-type weapons, that Defendant led law enforcement on a high speed chase, and apparently had been attempting to avoid or elude law

enforcement for an extended time.[6] At the conclusion of the detention hearing, the Court found there was a rebuttable presumption of detention based upon the alleged offenses and lengthy potential term of imprisonment if convicted, which presumption Defendant had not rebutted. The Court found by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community and ordered him detained. This factor, especially when combined with the total lack of any proposed release plan to protect others and the community (*see* discussion regarding Factors 3 and 4, *infra*), weighs very heavily against Defendant's request for temporary release. If the Court were to order Defendant released as requested, it would place members of the community at significant danger.

### 2. Specificity of Defendant's COVID-19 concerns

To support his request for release, Defendant relies primarily upon the recent spread of the coronavirus that causes COVID-19 and the effects of the pandemic across the United States and around the world.[7] Defendant also argues that he is at heightened risk of contracting COVID-19 because of the lack of social distancing at CoreCivic and the fact he is diabetic.

But Defendant makes no argument that he is currently ill or that CoreCivic is unable to care for him. Although he notes the close proximity of detainees at CoreCivic and the changing and diverse population there, he makes no claim that CoreCivic has failed to take appropriate precautions to prevent the occurrence or spread of COVID-19. Indeed, the Court finds that current information indicates CoreCivic has undertaken significant steps to manage COVID-19 risks, and significant protections and precautions have been implemented. *See* https://www.corecivic.com/hubfs/_files/CoreCivic%20Response%20to%20COVID-1.pdf and

---

[6] *See* Transcript of Detention hearing (Doc. 432).
[7] The Court has already taken judicial notice of the spread and wide-ranging effects of the COVID-19 pandemic. *See United States v. Brown,* No. 08-cr-20115, 2020 WL 1536544, at *2 (D. Kan. Mar. 31, 2020), and *United States v. Lewis,* No. 20-10028-11-EFM, 2020 U.S. Dist. LEXIS 56639, at *4 (D. Kan. March 30, 2020).

*Clark, supra* at *10–11. Further, Defendant does not indicate that he is aware of any known cases of COVID-19 at CoreCivic. Defendant's alleged concerns regarding his heightened risks of COVID-19 are general, not specific, and speculative. *See United States v. Roderick Sanders*, No. 19-20037-01-DDC, 2020 WL 1528621, at* 4 (D. Kan. Mar. 31, 2020) (finding general and speculative fears of COVID-19 insufficient to support request for temporary release). This factor weighs against Defendant's request for temporary release.

### 3. and 4. Extent to Which the Proposed Release Plan is Tailored to Mitigate or Exacerbate Defendant's Overall COVID-19 Risks and Likelihood the Release Plan Would Increase COVID-19 Risks to Others

As noted above, Defendant proposes no release plan whatsoever. Although Defendant expresses grave concerns that he will come in contact with COVID-19 while confined at CoreCivic (where there are currently no known cases of the virus), he suggests no better or safer alternative. The pretrial services report indicates that Defendant has no stable residence where he could reside if released, and based upon Defendant's history the Court has no confidence that it could craft a release plan that would be effective. Releasing Defendant into the general population, where there are many people infected with the disease, would in all likelihood significantly increase Defendant's COVID-19 risks. Additionally, the stiff conditions the Court would necessarily have to impose in an attempt to protect other persons and the community if it were to release Defendant would very likely increase COVID-19 risks to others. "A defendant who is unable to comply with conditions of release poses potential risks to law enforcement officers who are already tasked with enforcing shelter-in-place orders in many cities and counties, pretrial services officers who come into contact with the defendant for supervision, and others if that individual is taken back into custody." *Clark* at *14. *See also United States v. Roderick*, No. 19-20037-01-DDC, 2020 WL 1528621, at *5 (finding that location monitoring

would pose a risk to pretrial services personnel given current recommendations regarding social distancing). These factors weigh heavily against Defendant's temporary release.

## CONCLUSION

The Court finds that all four factors of the four-factor analysis discussed above weigh against Defendant's request for temporary release. The Court's earlier finding that there is no condition or combination of conditions of Defendant's release that would ensure the safety of others or the community stands; nothing has changed in that regard. That danger of Defendant's release to the community, combined with Defendant's failure to present any proposed release plan to protect others and the community, greatly outweigh Defendant's general and speculative concerns regarding his risk of COVID-19 at CoreCivic. The Court therefore finds that Defendant's Motion must be denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Release Pending Trial (Doc. 428) filed by Defendant Miguel Macias is **DENIED**.

**IT IS SO ORDERED**.

Dated this 9th day of April, 2020 at Kansas City, Kansas.

_Teresa J. James_
Teresa J. James
U. S. Magistrate Judge